[Civ. No. 763. Second Appellate District.—April 7, 1910.]

## MOORPARK SCHOOL DISTRICT OF VENTURA COUNTY, etc., et al., Petitioners, v. JAMES E. REYNOLDS, as Superintendent of Schools of Ventura County, et al., Respondents.

PUBLIC· SCHOOLS—VALIDITY OF UNION HIGH SCHOOL DISTRICT—MANDAMUS TO COUNTY SUPERINTENDENT—CERTIFICATE OF ELECTION—CALLING ELECTION OF TRUSTEES.—Upon a petition for a writ of mandate to compel the county superintendent of schools to make and file a certificate of the result of an election held on the question of the formation of a union high school district, and to call an election of trustees therefor, the primary and vital question to be determined upon such petition is whether it shows upon its face that such union high school was legally or illegally established; and when it appears to be illegally established, the petitioners have no duty to perform, which is the subject of the writ, and the demurrer to the petition therefore was properly sustained.

ID.—ILLEGAL FORMATION OF DISTRICT—BOUNDARIES ILLEGALLY DESIGNATED—ELECTION CALLED WITHOUT JURISDICTION.—Where one of nine petitioning districts included in the boundaries of the alleged union high school district did not include in the petition therefor the majority of the heads of families therein as then required by law, and another of said districts included in said boundaries belonged to another union high school district, the boundaries of the union high school district were illegally designated, and the county superintendent of schools had no jurisdiction to call an election for its formation with such boundaries; and he cannot be compelled by *mandamus* to file a certificate of the result thereof.

ID.—NO DEFINITE LEGAL DESCRIPTION OF TERRITORY—ALTERNATIVE PETITIONS.—Neither of such two districts being legally capable of uniting in a petition to form a union high school district, those who were lawful petitioners therefor failed to unite in any request for specific and definite legal territory to be included therein, where each of the nine petitioners requested that its own territory should be included either with six other districts or eight other districts. In such case it cannot be said that such requests unite upon any contiguous or compact legal territory, which could be lawfully united in a school district; but, on the contrary, there was a request for an election to unite with territory which could not lawfully enter into the district.

ID.—REQUEST FOR DEFINITE TERRITORY ESSENTIAL—AFFIRMATIVE AND NEGATIVE BALLOTS.—The necessity for the definite character of the

requests for the formation of a lawful school district is evident when the statute with rererence to the election is considered, which provides that the electors shall vote "Yes" or "No" upon the question involved.

ID.—ALTERNATIVE PROPOSITION IN PETITION AND CALL NOT PERMISSIBLE. The call for the election must be based upon the petition, and with an alternative proposition in the petition and call for the election, it would not be possible for the electors to express their assent to or dissent from the organization of a lawful district having particular and specified boundaries.

PETITION for writ of mandate to the superintendent of schools of Ventura County.

The facts are stated in the opinion of the court.

T. O. Toland, and Toland & Rogers, for Appellants.

Don G. Bowker, and Edward M. Selby, *amicus curiae,* for Respondents.

THE COURT.—The petitioners pray the court for a writ commanding the superintendent of schools for Ventura county to make and file a certificate of the result of an election alleged to have been held on August 3, 1909, on the question of forming a certain high school district, and further requiring said superintendent to call an election in said union high school district for the purpose of electing a board of trustees therefor.

Many questions involving a proper construction of the statutes with reference to the creation of high school districts have been presented and ably argued upon this application. We think, however, that the primary question for determination, and the one which should control the action of the court in the premises, depends upon the legal organization and creation of the high school district alleged to have been created by a vote of the people thereof; for if, as a fact, such high school district was not legally created and established, it follows that the superintendent of schools has no duty to perform in connection with the matters sought in the application.

It is made to appear from the petition filed herein that on the thirtieth day of June, 1909, eight certain school districts, to wit: Long Canyon school district, Fair-

view school district, Timber school district, Simi school district, Santa Susana school district, Las Posas school district, Conejo school district, and Moorpark school district, filed with the superintendent of schools of Ventura county eight certain petitions, each of which was in the following form, omitting the introductory part: "We, the undersigned, being a majority in number of the heads of families as shown by the last school census of the ———— school district, and also a majority of the heads of families now residing within said ———— school district, respectfully petition that you call an election in the time and in the manner as by law provided for the purpose of determining the question of establishing and maintaining a union high school district to be composed of the following named school districts, within said county of Ventura, state of California, or of any seven of them, which shall include the ———— school district." Then follows a statement of the names of all the school districts sought to be included, among which was another district called Somis school district. That afterward, on the nineteenth day of July, 1909, Somis school district presented a petition of similar character. All of the nine petitions so presented were similar in form, except that where the blank appears in the petition there was inserted the name of the particular school district joining in the petition. It further appears that the nine school districts comprised contiguous territory, and that excluding Santa Susana school district upon the easterly border and Somis school district upon the westerly border, the remaining seven districts formed contiguous and compact territory. Upon the filing of the petition by the Somis school district the superintendent of schools called an election in each of the school districts, notifying the qualified electors of an election to be held upon the question of the formation of a union high school district to consist of the following school districts (naming the nine districts), or any seven or more of said districts, including ————, which blank contained the name of the particular district in which the notice was posted. That said election was held in each of the school districts named, except that no votes were cast in Las Posas and Conejo districts, and as a result of said election a large majority of the voters in Somis district, Timber district, Moorpark district, Fair-

view district, and Long Canyon district voted for the creation of such high school district, and a majority of all of the voters in the nine districts cast their votes in favor of the formation of such high school district. That the superintendent of schools filed with the county clerk a certificate of the result of said election, which stated that the boundaries of said proposed union high school district are the exterior boundaries of the nine districts in which the election was held. It is further made to appear that, excluding Santa Susana and Somis districts, the census children exceeded two hundred, and the aggregate of votes cast in favor of the formation of the high school district was greater than that of the votes cast against it.

Subdivision 4 of section 1670 of the Political Code (Stats. 1907, p. 958), in force prior to July 1, 1909, provided: ''When the heads of families equal in number to a majority in each district, as shown by the last preceding school census, residing in two or more contiguous school districts in the same county (*provided,* that said districts are accredited by said school census with a school population of two hundred or more), shall unite in a petition to the county superintendent of schools for the establishing and maintaining of a union high school district, he shall, within twenty days after receiving said petition, call an election for the determination of the question,'' etc. It is conceded that a majority of the heads of families in Santa Susana district did not sign the petition. It is also averred in the petition for the writ that Somis school district, included therein, is, and has been at all times for five years, a part and one of the districts comprising and comprised within a union high school district called the Oxnard high school district.

Considering, then, the demurrer filed to the petition for the writ, it is admitted that, by reason of the insufficiency of the petition in behalf of Santa Susana district and the fact that Somis was already within another high school district, neither of said districts could be included within the high school district sought to be created by the petition. The statute authorizing the heads of families to petition is the equivalent of an authority for them to unite in a request for a particular thing. An examination of the petitions filed with the superintendent of schools clearly shows

that the petitioners therefor did not unite in a request for the formation of a specific territory into a high school district. Each district requested that its own territory be included, either with six other districts or eight other districts. The only persons who, under the law, have a right to designate the boundaries of a district are the heads of families. There is nothing in the act indicating that the superintendent of schools, or any other person, shall have any right to determine what districts shall be united, and when the heads of families by their petition fail to unite in a specific request for the creation of a definite territory into a high school district, they fail to comply with the statute, through which petition jurisdiction is given to the superintendent of schools to call the election. Under the peculiar language of these petitions they were open to the construction of requesting the formation of a district which might or might not comprise contiguous and compact territory. These petitions did not unite in a request for an election within the seven districts which could have been united, but, on the contrary, requested an election to unite other territory, notably Santa Susana district, which declined to enter into the district, and Somis district, which could not enter into a new district. The necessity for the definite character of the request is evident when we consider the statute with reference to the election, which provides that the electors shall vote "yes" or "no" upon the question involved. The call for the election must be based upon the petition, and with an alternative proposition in the petition and call for election it would not be possible for an elector by simply answering "yes" or "no" to express his assent or dissent to or against the organization of a district having particular and specified boundaries. We are of opinion, therefore, that the demurrer to the petition for this writ should be sustained.

It may not be improper to say further that were a consideration to be had of the issues presented by the answer and return, nothing is therein disclosed which, in our opinion, could have the effect of validating the proceedings sought to be instituted, or to confer upon the superintendent of schools jurisdiction or authority to call the election.

Writ denied.